UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



JAY KYLER,

        **Plaintiff,**

v.

LLOYD J. AUSTIN, III, Secretary,
Department of Defense,

        **Defendants.**

CIVIL ACTION NO. 4:24-cv-39

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Lloyd J. Austin III's ("Defendant" or "DoD") Motion for Judgment on the Pleadings and Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and 12(c). ECF No. 14. The Court has considered the parties' memoranda, and this matter is ripe for judicial determination. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED,** and its Motion for Judgment on the Pleadings is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Relevant to Defendants' Motions to Dismiss and stated in the light most favorable to Plaintiff, the following facts are drawn from the Amended Complaint and the attachments thereto. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff is a licensed attorney and a medically retired member of the United States Army. Am. Compl. at 3, 15. He served in the Office of the Staff Judge Advocate ("OSJA") at Fort Eustis, a military base located in Hampton, Virginia. *Id.* at 3. Plaintiff medically retired from the Army due to musculoskeletal and neurological injuries sustained during service, requiring him to walk with a cane or crutch in 2019. *Id.* at 3-4.

Plaintiff alleges that several staff members of the OSJA failed to provide him with legal and administrative assistance pertaining to the correction of his military records in 2019. Am. Compl. at 4-6. Plaintiff alleges that the OSJA has provided these services to non-disabled persons who have not filed disability related complaints. *Id.* at 6. On July 11, 2019, Plaintiff complained to the Army Inspector General about the OSJA's denial of services, and when informed of the complaint the OSJA still refused to provide assistance. *Id.* at 7. Plaintiff alleges that he has been denied assistance because staff members of the OSJA "harbor[] bias against persons with disabilities" and seek to further an "ableist agenda." *Id.* Plaintiff contends that after he sought services from the OSJA, staff members locked a handicapped entrance to the building and removed handicapped parking spaces. *Id.* at 9-10. On August 7, 2019, he filed a complaint with the Army about the locked handicapped entrance but claims the Army did not timely investigate or address the complaint. *Id.* at 10.

Plaintiff contends that the DoD retaliated against him and has interfered with his business and livelihood as an attorney representing clients in discrimination cases against the DoD and its components. Am. Compl. at 10. On January 2, 2020, Plaintiff claims that the DoD wrongfully entered his information into a DoD database barring him from entry into Fort Eustis, resulting in his improper detainment. *Id.* at 8. Plaintiff alleges that non-disabled persons were not treated similarly by the DoD, and these actions were taken for "no reason other than disability discrimination and reprisal." *Id.* Plaintiff further alleges that the Army has published his "personal information" online, including his home address and information pertaining to his complaints. *Id.* at 13.

Plaintiff claims that the DoD failed to conduct a proper investigation or issue a proper final agency decision on several of his complaints pertaining to violations of the Rehabilitation Act.

2

Am. Compl. at 11-12. On December 18, 2023, Plaintiff also claims that he received a Final Administrative Decision by the DoD which found no discrimination and notified him of his right to file a civil action. *Id.* at 12.

Plaintiff claims that the DoD engaged in disability discrimination and retaliation, in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et. seq.*, and the Equal Protection Clause of the U.S. Constitution. Am. Compl. at 2. Plaintiff seeks various forms of injunctive and declaratory relief, as well as attorney's fees and costs. *Id.* at 13-14.

Plaintiff filed a *pro se* Complaint against Lloyd J. Austin III, in his official capacity as Secretary of Defense, on March 17, 2024. ECF No. 1. Defendant filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction and provided *Roseboro* notice, on June 3, 2024. ECF Nos. 4-6. Plaintiff filed an Amended Complaint on June 23, 2024. ECF No. 7. Defendant filed an Answer on October 2, 2024. ECF No. 10. Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, Motion for Judgment on the Pleadings, and a Memorandum in Support ("Mem. Supp.") on December 9, 2024. ECF Nos. 14-15. Plaintiff filed a Response in Opposition on December 30, 2024. ECF No. 20 ("Resp. Opp'n"). Plaintiff also filed an Exhibit to the Response in Opposition on December 30, 2024. ECF No. 20-1 ("Exh A"). Defendant replied on January 6, 2025. ECF No. 21 ("Reply").

## II. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject-matter jurisdiction. Unless a matter involves an area over which federal courts have exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir.1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.2006).

The burden of proving subject-matter jurisdiction rests on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir.1999). To determine whether subject-matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982), or whatever other evidence has been submitted on the issues, *GTE South Inc. v. Morrison*, 957 F.Supp. 800, 803 (E.D.Va.1997). The defendant may challenge subject-matter jurisdiction by contending either (1) the complaint

---

[1] While courts must generally "construe allegations in a *pro se* complaint liberally, a complaint must still contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quotation marks omitted). The rationale behind the liberal construction rule is that "a typical *pro se* plaintiff does not have legal training and is unfamiliar with the legal system." *See Polidi v. Bannon*, 226 F. Supp. 3d 615, 616 n.1 (E.D. Va. 2016). Here, however, *pro se* Plaintiff Jay Kyler is a licensed attorney. Thus, the Court is not required to construe the allegations in his Complaint liberally. *See e.g., Polidi v. Bannon*, 226 F. Supp. 3d 615, 616 n.1 (E.D. Va. 2016) ("[A]lthough plaintiff's legal training has not been on display in his recent lawsuits, plaintiff is not entitled to the lenient standard afforded typical pro se litigants."); *Gordon v. Gutierrez*, No. 1:06cv861, 2006 WL 3760134, at *1 n.1 (E.D. Va. Dec. 15, 2006) ("Plaintiff represents that she is an attorney, a law school graduate, and a member [of] a neighboring state's bar. As such, she is not entitled to the liberal construction of pleadings ordinarily afforded pro se litigants."). Therefore, the Court will not give Plaintiff's Complaint the liberal construction ordinarily afforded to *pro se* litigants.

4

fails to allege facts sufficient to establish subject-matter jurisdiction (a "facial challenge"); or (2) the jurisdictional allegations in the complaint are false (a "factual challenge"). *Lutfi v. United States*, 527 Fed.Appx. 236, 241–42 (4th Cir.2013) (citing *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir.2009)). A facial challenge requires the court to dismiss the complaint only if the alleged facts, if taken as true, fail to establish subject-matter jurisdiction. *Id.* at 241–42; *see also Bain*, 697 F.2d at 1219. A factual challenge requires that the court "go beyond the allegations of the complaint" and weigh evidence to determine jurisdiction. *Id.* If jurisdictional facts and facts central to the merits are intertwined, "the entire factual dispute is appropriately resolved only by proceeding on the merits." *Bain*, 697 F.2d at 1219. A Rule 12(b)(1) motion should only be granted where "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed, but within such time as not to delay trial, a party may move for a judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is appropriate when all material facts are admitted and only questions of law remain. *Republic Insurance Co. v. Culbertson*, 717 F.Supp. 415, 418 (E.D. Va. 1989). A court applies the same standard for a motion for judgment on the pleadings as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Under this standard, courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89 (2007). However, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175,

180 (4th Cir. 2000). In making this determination, the Court considers the complaint, the answer, and any written instruments attached to those filings. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

### III. DISCUSSION

Under Rule 12b(1), Defendant asserts that Plaintiff has failed to establish subject matter jurisdiction over his disability discrimination claims because Section 504 of the Rehabilitation Act does not provide a private cause of action against the DoD for substantive violations. *See generally* Mem. Supp. Under Rule 12(c), Defendant argues that Plaintiff's claims of disability discrimination under the Equal Protection Clause are time-barred and fail to allege any plausible claims for relief. Mem. Supp. at 11.

Plaintiff contends that the Court has federal question jurisdiction over his disability discrimination claims because the Supreme Court has recognized a private cause of action against the federal government under the Rehabilitation Act. Resp. Opp'n. at 1-3. He also argues that his claims under the Equal Protection Clause were timely filed. *Id.* at 5.

### A. Claims of Discrimination Based on Disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*

Plaintiff does not specify which section of the Rehabilitation Act he relies upon to state a claim for disability discrimination, but even if the Court assumes the claim relies upon Section 504(a) of the Rehabilitation Act, the Court lacks subject matter jurisdiction to hear the claim.[2]

---

[2] The Court construes Plaintiff's Amended Complaint to proffer claims under Section 504 of the Rehabilitation Act, alleging discrimination under a "program or activity" conducted by the DoD. 29 U.S.C. § 794(a). The other liability provisions of the Rehabilitation Act, involving former employers and federal funding entities, are inapplicable to this case based on the DoD's alleged conduct. *See* 29 U.S.C. §§ 791, 794(a)).

6

Section 504(a) of the Rehabilitation Act provides, in relevant part, that:

> No otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination… under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). However, the statute does not create an express cause of action allowing private parties to sue federal agencies for substantive violations, as Plaintiff attempts to do here. *Id.* Furthermore, the Court finds no holding in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recognizing an implied cause of action sufficient to grant jurisdiction over Plaintiff's claim. In *Clark v. Skinner*, the Fourth Circuit declined to recognize an implied cause of action against a federal agency for a substantive violation of the Rehabilitation Act. *See Clark v. Skinner*, 937 F.2d 123, 125-126 (4th Cir. 1991) ("Nor are we impressed with Clark's argument that since the Department of Transportation is guilty of a substantive violation of the Rehabilitation Act, his action must be brought under that statute rather than under the Administrative Procedure Act.") (citation omitted). Several district courts within the Fourth Circuit have also relied on *Clark*, finding no private cause of action under Section 504 of the Rehabilitation Act. *See Bell v. United States*, No. CV 9:16-1225-RMG, 2017 WL 2216299, at *3 (D.S.C. May 19, 2017) ("In this Circuit, there is no private right of action under section 504 of the Rehabilitation Act."); *Mathis v. GEO Grp., Inc.*, No. 2:08-CT-21-D, 2009 WL 10736631 *7-8 (E.D.N.C. Nov. 9, 2009) (citing *Clark*, 937 F.2d at 124-126). Thus, this Court does not have subject-matter jurisdiction to hear Plaintiff's claim under Section 504(a) of the Rehabilitation Act.

B. **Claims of Discrimination Based on Disability in violation of the Equal Protection Clause.**

Plaintiff alleges that his claims under the Equal Protection Clause are based on the DoD's continued reprisals for filing personal complaints and representing individuals in discrimination complaints. *See* Am. Compl. at 13 ("[A]ctions taken against Plaintiff, Plaintiff's clients, and Plaintiff's business were due to Plaintiff's personal complaints and Plaintiff's representation of individuals in discrimination complaints."); Resp. Opp'n at 5 ("The Equal Protection Clause issue comes from the Government's treatment of those complaining about unequal treatment (as evidenced by the doxing) and the Government's interference with my protected activity in litigating cases on behalf of others who are making complaints based on protected classes."). Defendant argues that Plaintiff's claim is time barred and fails to allege any plausible claim for relief. Mem. Supp. at 12-13.

In support of their argument that Plaintiff's claim is untimely, Defendant relies on several cases involving Equal Protection Clause claims brought under § 1983. *See Al-Amin v. Shear*, 325 F. App'x 190, 193 n.2 (4th Cir. 2009) (citing *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991)); *A Society Without a Name for People Without a Home Millennium-Future-Present v. Commonwealth of Virginia*, 699 F. Supp. 2d 787, 802 (E.D. Va. 2010), aff'd sub nom., *A Society Without a Name v. Virginia*, 655 F.3d 342 (4th Cir. 2011). The Fourth Circuit has recognized that "[t]here is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis*, 947 F.2d at 734. In Virginia, the statute of limitations for personal injury claims is two years, and courts within this Circuit have

applied this limitations period to Equal Protection claims under Section 1983. *See A Society Without a Name for People Without a Home Millennium-Future-Present*, 699 F. Supp. 2d at 802; *Al-Amin v. Shear*, 325 F. App'x at 193. However, a lawsuit under Section 1983 may only be brought against state and local government officials. 42 U.S.C. § 1983; *Bulger v. Hurwitz*, 62 F.4th 127, 135 (4th Cir. 2023) ("42 U.S.C. § 1983 authorizes plaintiffs to bring an action for money damages against state and local government officials who, while acting 'under color of state law,' violated the plaintiffs' constitutional rights."). In his Amended Complaint, Plaintiff does not rely on Section 1983, nor could he rely on this statute to bring a claim against the DoD. Thus, Virginia's two-year statute of limitations on Equal Protection claims are inapplicable to this case because the instant cause of action does not arise under Section 1983.

The Equal Protection Clause of the U.S. Constitution prohibits States from denying persons the equal protection of the laws, and "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)) (internal citation omitted).

To state a claim for violation of the Equal Protection Clause, a plaintiff must plausibly allege "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Id.* (quoting *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017)). Under an equal protection analysis, "persons who are in all relevant respects alike" are "similarly situated." *Nordlinger*, 505 U.S. at 10 (1992).

Additionally, the plaintiff must "plausibly allege that the disparity was not justified under the appropriate level of scrutiny." *Id.* When a plaintiff alleges unequal treatment based upon disability, the government's conduct is subject to rational basis review. *See Bd. of Trustees of Ala. v. Garrett*, 531 U.S. 356, 367 (2001); *City of Cleburne v. Cleburne Living Ctr. Inc.*, 473 U.S. 432,

442-447 (1985); *Chase v. Baskerville*, 508 F. Supp. 2d 492, 503 (E.D. Va. 2007), aff'd, 305 F. App'x 135 (4th Cir. 2008). Under rational basis review, "state action involving persons with disabilities will only be held violative of the Equal Protection Clause 'if it is [not] rationally related to a legitimate state interest.'" *Bane v. Va. Dep't of Corr.*, 110 F. Supp. 2d 469, 475 (W.D. Va. 2000) (quoting *Cleburne*, 473 U.S. at 446). The burden is upon the party alleging an Equal Protection Clause violation, "to negative any reasonably conceivable state of facts that could provide a rational basis" for the government's conduct. *Chase*, 508 F. Supp. 2d at 503 (internal quotation omitted) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

Plaintiff's claims of retaliation for filing personal complaints and representing individuals in discrimination complaints are not cognizable under the Equal Protection Clause. The Fourth Circuit has held that "[a] pure or generic retaliation claim...simply does not implicate the Equal Protection Clause." *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999) (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997)). "Neither [the Fourth Circuit] nor the Supreme Court has recognized an equal protection right to be free from retaliation." *Wilcox v. Lyons*, 970 F.3d 452, 458 (4th Cir. 2020). Rather, "claims based on the allegation that [a plaintiff] was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims." *Kirby v. City of Elizabeth City*, 388 F.3d 440, 447 (4th Cir. 2004) (internal quotation marks omitted). However, to the extent a plaintiff links an alleged retaliatory action to a characteristic, such as a disability, that "allegation would constitute part of an equal protection discrimination claim, not a freestanding retaliation claim." *Wilcox v. Lyons*, 970 F.3d 452, 461 (4th Cir. 2020). Here, Plaintiff has not made such an allegation. Instead, Plaintiff alleges that he suffered retaliation from the DoD because he filed personal complaints and represented clients in

discrimination complaints. Such a claim arises under the First Amendment and is not cognizable under the Equal Protection Clause.

Furthermore, the fact that Plaintiff's personal complaints to the DoD are based on alleged disability discrimination, does not make his claim of retaliation cognizable under the Equal Protection Clause. *See Wilcox*, 970 F.3d at 461 ("[A] pure or generic retaliation claim...even if premised on complaints of sex discrimination, is not cognizable under the Equal Protection Clause."). This Court finds that Plaintiff has failed to present a cognizable claim under the Equal Protection Clause. Therefore, Defendant's Motion for Judgment on the Pleadings is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss as to Plaintiff's claim under § 504 of the Rehabilitation Act is **GRANTED**. Defendant's Motion for Judgment on the Pleadings as to Plaintiff's claim under the Equal Protection Clause is **GRANTED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
September 4, 2025

Raymond A. Jackson
United States District Judge